Yes your honor. Good afternoon honorable panel. May I please the court my name is Alton Nenage, counsel for the petitioner Patty Page Walcott. I'm not sure this was clear or you may have intuited it. It would I think be best if you direct your argument at the crime of moral turpitude issues. Yes your honor. It is petitioner's position that the immigration court did and the BIA erred in sustaining the charges of removability because the Department of Homeland Security did not establish by clear and convincing evidence that the petitioner was convicted of two crimes involving moral turpitude. They failed to analyze both convictions under the categorical approaches and failed to distinguish. Do you agree that the statute is divisible and if so how is it divisible and what thesis? I believe that the statute it's not divisible. At all? No because. Well meaning what? Meaning that the subsection isn't divisible or that the entire statute isn't? Surely the entire statute is divisible. There are subsections and they seem to be quite separate but that doesn't really matter. What matters is whether the subsection is divisible right? Your honor the issue of divisibility relates to the second conviction for solicitation to transport marijuana and under that section it is petitioner's position that the whole section statute it's not divisible because it covers conduct that is not a crime of involving moral turpitude. For example subsection A of 13-3405 criminalizes the possession of simple possession of marijuana. Also that's not the test of divisibility is it? Whether or not it covers a CIMT? That's an entirely separate question. Let me see if I can direct this okay. You have a statute 3405. It says you can't knowingly possess or use marijuana, possess marijuana for sale, produce marijuana and then number four is transport for sale, import into the state or offer to transport for sale, import into the state, sell, transfer, offer to sell or transfer marijuana and you are you're you're you're are arguing but unnecessarily it seems to me that one two and three are not divisible either because that doesn't make any difference. What matters is and it's a much harder argument. The question is whether these different acts prescribed in four are divisible. Do you see it some other way? There are. I don't think the records submitted by the government do establish the subsection of the law that the client has violated. It does not clearly establish that. It's just by reference the immigration judge concluded that it included subsection four. All right let's assume it does. Let's go on and so I am I actually think there is a citation to the statute but certainly the I'm trying to get to what the heart of the issue is instead of a bunch of peripheral things. Okay again the petitioner's position is it is not divisible as it does not define multiple crimes by listing elements in the alternative but at least only various factual means of committing the the listed crime. The Arizona courts have assumed that the legislature does not intend to create more offenses than those listed in the heading of a statute and State v. Brown an Arizona case is quoted. Instead courts in Arizona assume that if the legislature intended to create separate offenses it would have enacted separate subparts as it did in other parts of section 13 3405. The heading of the section 13 3405 reads possession, use, production, sale, or transportation of marijuana. Although this heading implies the sale and transportation. Trying to figure out the divisibility of the language in A4 and the what's your how do you read that in light of the Brown case from the Arizona courts and what it said about about this language. Well again assuming that the legislature did not intend to create more offenses than those listed in the heading. Okay so uh the Brown court held that the relevant phrase referred to different types of committing. I mean it is for this petitioner's position that the statute is not divisible. Um one second. I would say you know yeah the way the petitioner reads that section uh it's it's it's that it does not provide for for different uh crimes. It's just one crime and all the subsections are just uh uh different uh uh elements that do not constitute separate crimes. Do you want to turn to um the other crime of moral interpreting? The uh the first conviction? Yes please because we're not getting very far in the other one. There are some subtleties but you don't seem to be aware of them so let's go to the other one. Okay. Well uh on the first one it is petitioner's position that this crime is distinguishable distinguished uh from uh Barragan Lopez because of the amount of the marijuana involved. The immigration judge concluded this crime is a crime involving moral turpitude because simply by the amount of marijuana more than four pounds which was one of the elements that the court found that it is a crime of moral turpitude the amount of marijuana and then secondly in that case the uh there was a trafficking uh element involved the person was involved in trafficking and in this case it is petitioner's position that she was not directly involved in the trafficking. That doesn't matter because it's a categorical crime but maybe are you an Arizona lawyer? No your honor I'm based in New York. You won't be very helpful but I don't understand what solicitation to possess for the for the purpose of sale even means. I don't know what it means does it mean that you can um solicit somebody to have some marijuana to sell to you or what does it mean? Um it seems to be charged a lot but I don't know what it means. How you solicit somebody to possess something to sell it I mean you're not soliciting them to sell it you're soliciting them to possess it to sell it. Correct it's my position that judge should have embarked on a analysis full analysis of this subsection of the law rather than just relying on the case from Baragas v. Lopez so it seems that this case should be remitted to the judge to further explore this this issue with with the case which has not been fully analyzed and considered by the courts. Okay do you want to reserve time or do you there's something else you want to argue? Um in regards to uh other issues or to this issues? Well whatever you want to argue. Okay so as I mentioned uh you know the uh it is a petitioner's position that the case should be uh uh fully analyzed the the crimes uh that my client was uh charged with as crimes involving world to a moral turpitude um uh also it is my position uh that the uh credibility of finding uh uh adverse credibility credibility of finding by the judge is not sustained by by uh the record uh the judge did not consider the doctrine of timely retraction from my client in her first hearing the client did mention that she smoked marijuana to control some of her medical conditions however uh and the second hearing after changing lawyers she disclosed that that was not true uh however the judge still held this against her although it was disclosed without uh pressure of being discovered um also in regards to the um credibility the judge did not consider the uh fact that the prior misrepresentation was under the guidance of prior counsel uh and also uh lastly did not consider uh that the uh pre-sentencing report that the judge relied mostly to discredit the client's my client petitioner's testimony it's not the most reliable document that can be used to impeach somebody's testimony in regards to the due process rights the record shows that the judge was a criminal practitioner it did interject her own opinion and and raised the issues not raised by the department of homeland security on her own initiative as she was not impartial as uh should and uh it did violate respondents due process rights in regards to the issues with the prayer of his sessions i will just uh defer to the um arguments on the uh briefs because your argument is precluded i'm sorry your argument's already been decided the issue that you raised has been decided adversely to you yes do you want to reserve your time i'm sorry do you want to reserve your remaining time uh yes your honor okay mr goldman thank you all that you'll concentrate on the crime of moral turpitude as to both stations thank you i may please the court dan goldman on behalf of the attorney general the government asked this court to uphold the agency decisions to deny in part and dismiss in part the petition the government believes that the agency in this case properly found that two convictions solicitation to possess marijuana for sale of under two pounds and offered to transport marijuana for sale visibility of of a4 because the fifth circuit decision seems to read every single phrase separately as if it's a completely separate offense but that seems hard to square with the brown case can you what is your view on that your honor as as we discussed in our brief uh page 23 i think again at 33 looking at brown the statute we disagree with petitioner with miss walcott uh that the statute is is we believe the statute is divisible as to every as to every piece of it or as to some pieces of it uh i i believe it seems as judge on that as to transportation and importation that the 2020 case state versus ferret um seems needs to assume that it's not divisible as between those two things i mean in that sense it seems that what you have in this subsection are two sets of things one is um sale and transport or offer and transfer and the other is transport uh or import or offer to transfer and import and transportation has to be for sale and the um but neither the transfer nor the importation has to be for sale um and state versus ferret is clear that the importation doesn't have to be for sale if it's not for sale it's not a crime of moral interpretive isn't it right yes your honor it's the government's position is that it's the the for sale element with with regard to both convictions in this case is what puts the moral turpitude into the cimt okay but if transportation or importation are um um means rather than elements then it doesn't then your argument as we know from brown that sale or transfer are means not elements right do you disagree with what brown says do you disagree that that's what brown says uh i don't i don't have brown right in front of me your honor but i certainly rely on your honor's reading of it but i i think that the salient point there is as your honor noted there are some cases that have come out since this case was brief uh to the extent that there's confusion or unsurety as to how the arizona courts have interpreted their own state laws there there is always the option for this court we don't usually ask for this but there's usually there is the option for the court to certify the case to the arizona courts the government relied on multiple arizona cases in arguing that the statute is divisible um if arizona is changing course that's that's something that can be addressed uh you have a case that says that that um importation and transportation are elements not means i'm sorry your honor i elements are elements not means you're you're asking me do i have a case yes you have a case i don't have a case to cite to the court right off the top i can go back and look for that and offer a 28j that to the court we focused in our briefs and our argument we maintain is that because of the for sale element here with regard to both statutes that that a couple of points that the statutes are divisible but it is the for sale element as as noted that makes this the reprehensible crime that adds the turpitude in this element the for sale element in the statute only pertains to some of the acts not all not it doesn't pertain to transfer right i don't believe so your honor and it doesn't pertain to importation right again your honor papers as fair it is lucid so i don't understand your argument our argument as i as i noted your honor if these are cases that have come out and and essentially come out since they're intervening case law if they're undercutting the arguments that were in our briefs i understand your honor's point uh again we i'm not specifically asking for that your honor that's usually not something that we ask for right at oral argument i would i would ask if the court wanted to delay submission of the case and give us 30 days to go back and look at this case again i'm not asking the court to do our homework for us but if the court has a what amounts to a specified issue that they want us that you would like us to address we'd be happy to do that we just ask for at least some time to to make that happen well mr goldman along those lines and referring back to your you know earlier comment about the law has been changing in arizona first of all you seem to imply by by the inference that we should pay attention to these new cases and changing circumstances that when the determination is made of whether a crime is a cimt it should be what as of the date that determination is made you agree with that no i'm sorry your honor you're asking me if the determination be should be at the date of crime being committed or convicted or evaluated by today today today suppose you suppose we say well you know we send them back to the to the bia and alj and they make a determination of the cimt they make that determination as of the date they're sitting don't they yes your honor all right so and i think that's the reason you know you mentioned you you you referenced these cases in arizona changing the law but you know lots of other things are changing uh things like for instance i think since since this case was originally before the uh alj and the bia i think congress has passed a resolution there right that federal can't be used to enforce you know federal criminal marijuana laws in states where marijuana possession is legal and then even more recently right then arizona just uh passed a statute uh legalizing the possession of marijuana yes your honor i think it's prop to change the mix of factors that go into whether or not possession of less than two pounds is a crime involving more interpreters it's a complex question your honor i want to get at it but and there are multiple points to make there uh under proposition 207 uh just to full disclosure proposition 207 passed recently obviously was not on the books at the time that the immigration judge or the board evaluated this case i think that potentially plays both in the inquiry that you're discussing the cimt inquiry but as well could potentially play in the in the evaluation of whether someone in miss walcott's position would merit a favorable exercise of discretion so even if this court upholds the cimt findings but that it's a second inquiry that this court as was noted earlier doesn't have jurisdiction to look at that discretionary determination i'm just saying this in full disclosure had prop 207 been on the books uh earlier and it had been written if it had been raised to the agency that's something that could have been considered in the exercise of discretion that's still something that the agency could consider in the exercise of discretion miss walcott has an avenue that she can pursue she can file a motion to reopen the bia has the bia ever said in a published decision that the possession of small amounts of uh of marijuana uh even for for selling a single marijuana cigarette is morally turpitudinous to answer the second half of that question first your honor i don't believe that there's anything saying possession for sale would not be morally turpitudinous because the board has its case law as well as relying on this court's case law baraghan lopez and and uh and other cases which address the question i guess what i'm getting at is has it addressed the question reserved in baraghan whether small amounts um of of marijuana for that are transported for sale is morally turpitudinous it did in this case the language of this statute it applies to to transporting for sale a single marijuana joint and so the question in under the categorical even modified categorical approach is whether or not that least conduct is morally turpitudinous and and has the bia said so in a published decision i don't know the specific answer in a published decision it said so in this decision your honor the board we have to give under our president we give chevron deference to published decisions and something less to unpublished so that's why i'm wondering are we in the chevron category as to the specific question before us because they've said generally that illicit trafficking is morally turpitudinous but this question is arguably a little bit more specific i agree your honor i think it is more specific i would want to go back and check the gonzalez romo decision i think where that uh that logic runs into a wall however is in in the practical application it was petitioner's burden in this case to show that conduct of the type you're talking about and of the type that the court alluded to in baraghan lopez uh sharing of a single marijuana cigarette well we actually know that it did happen it happened uh in um kota i think it was about somebody who placed a small amount of marijuana the equivalent of two to four to three cigarettes in dakota's been offended and was charged with one count of unlawful sale of marijuana and one kind of unlawful transfer of marijuana i mean as it turned out they didn't allow the uh the both to go forward but that's what happened there your honor i think the point that i was getting at i understand your honor's point the point i was getting at is that as a practical matter there's two points number one and then i do want to get back to address prop 207 because i think there's some important points to make there as well in in addressing what the court left hanging intentionally so explicitly so in baraghan lopez could possession for sale of a single marijuana cigarette uh be a cimt as a practical matter number one that's not how this this statute is prosecuted in the state of arizona was prosecuted i just read it to you your honor i i understand that i i'm not disputing your read it it's not how it's prosecuted it is how it's prosecuted i understand that your honor the two points are i'm being candid i don't have that case in front of me i i'm not i'm not going to stand here and just sit here and disagree with your honor's read of the case but i would at least like to read it second i do think it's clear that it is petitioner's burden to bring those cases to the court i don't think petitioner has done that and it's just it's law it's not your honor and then to return to the the question earlier about prop 207 prop 207 is is still somewhat of a work in progress the proposition passed it legalized uh recreational use of very small amounts of marijuana 2.5 ounces that will necessitate sale of marijuana and therefore businesses are going to get spun up they will get licensed they'll be subject to state but that's not the point may i explain the way i think it's important i'm sorry your honor i your honor i apologize i cannot hear your question i didn't make i have a question yet you have to wait a minute okay if you trace back the cases that say that drug trafficking offenses are crimes of moral turpitude um the basic standard for the crime of moral turpitude is base file or depraved right and it's understood and according to our case law to mean malum and say rather than malum prohibitive kinds of offenses and the old case law was dealing with cocaine they threw in marijuana when they talked about it but the facts dealt with heroin and cocaine and talked about how this was meant to a death sentence and that's why it was based on depraved so even factually marijuana doesn't fit very well then you have the fact that leaving aside that that arizona has now legalized some sale of marijuana um many other states have done so as well which makes one come to the conclusion that it can't be all that base violent depraved uh and that it doesn't seem to be recognized at this point as a malum and say versus malum prohibited crime and then the overlay is you know i have a general overall problem with the crime of moral turpitude notion altogether because as this case illustrates it just seems to have boundaries that are made up every day so how in given the current treatment of marijuana generally not just in arizona but malum and say crime if that's the standard such as it is your honor i believe i'm over my time if i can answer please go ahead and answer my question thank you your honor i'll try and do it as briefly as possible i think your honor's question notes the the progression for lack of a better term and that this is not a static uh situation bergen lopez was 2007 there is a lot of case law since then published and and as well a lot of unpublished case law that talks about the sale and the putting of drugs into commerce into the community is what makes them morally reprehensible if this court finds in this case that this statute this arizona statute would not be categorically a cimt i think the court it would perhaps be in the difficult position of having to reconcile the last 14 years of jurisprudence we can at least start with it with the issue that was left open in bergen lopez i.e. a small amount of marijuana and i understand you go down to an ounce right as far as the statute is concerned i'm sorry again i think i was speaking over your honor if i could ask you to the statute is under two pounds meaning it can include an ounce yes your honor all right so without unraveling everything backwards but perhaps noting that it's highly questionable we can say that at least we shouldn't be pushing this any further and there was an open question in bergen lopez and we should stop there your honor i think the court's open question as you put it with regard to the small amounts of that's how this statute is being enforced in the state of arizona and with regard to the new proposition there's no indication that someone the statute on the books that ms walcott was convicted under covers under two pounds there's no indication that if john smith of phoenix arizona is caught in six months with a pound and a half of marijuana there's no indication that he's not to be criminally prosecuted the same law is still on the books that the the arizona referendum did not uh get rid of that what the arizona law will be as certainly as it goes through all the the promulgation of regulations if john smith the phoenix gets a license to sell marijuana he's going to be subject to oversight regulation you would not be subject to prosecution that the apples to apple but but it's that's why it's not i don't believe in apples to apples comparison whether it's a crime of moral turpitude um and it seems that everything you just said seems to illustrate that this is a mal and prohibitive kind of crime um and has been first recognized as such for some time nationally uh that is yeah there it's regulated um and it can be prosecuted um under some circumstances but how is it a minor crime of moral turpitude your honor the answer i think in part is that from what we've seen in arizona and as your honor noted i believe the figure is somewhere over 40 states have some form of legalized marijuana but i would want to double check that what the states are not doing in any situation that i'm aware of is saying to john smith who is not licensed whether it's phoenix or portland or new york city john smith is not allowed to possess for sale a small amount of marijuana the reality however is the realistic probability is that if john smith is arrested in with a with a single marijuana cigarette he is not likely to be prosecuted on those facts alone for possession for sale there may be other elements that come into play if john smith is arrested with a single marijuana cigarette but uh other drug paraphernalia scales baggies uh the type things that the courts have recognized as qualifying as paraphernalia that may weigh towards a charge of possession for sale i understand your honor's question and i'm not disagreeing that the the times are somewhat but the case law is consistent that the for sale element of drugs unlicensed by the state unsanctioned by the government is a crime involving moral turpitude the exception that arizona has now created and we're not disputing that the exception is not going to give license to ms walcott or john or jane smith of phoenix to go out and sell marijuana but council unless they are licensed but doesn't the existence of the licensing scheme itself suggest that is just that what you call say an unlicensed sale of one marijuana cigarette is not a cimt or melman say but it's a violation of a licensing statute that's what it is your honor i don't i don't know that the regs have been promulgated yet in arizona so i'm not sure how arizona would treat that but the distinction that i'm drawing is if john smith of phoenix applies for is properly licensed he's not going be criminally prosecuted if john smith is a junior at the university of arizona and is playing hacky sack out on the quad and gets stopped and has a marijuana cigarette on his on on him he's not going to be prosecuted under this statute he may be prosecuted for possession but not possession for sale and the question that i believe judge berzon was getting to it's the for sale element if john smith has a marijuana cigarette because i'm looking at state versus kata supreme court of arizona 1998 and kata walked across the street and approached somebody and handed him two dollars in return the shulak placed a small amount of marijuana the equivalent of two or three cigarettes into his bandana and then he walked back across the street to where someone else stood and they were each indicted for one count of unlawful sale of marijuana and one count of unlawful transfer of marijuana so you're telling me that isn't prosecuted but i'm sitting here staring at a prosecution for exactly that and your honor you have the benefit of that case in front of you i simply just don't have to tell me i understand your i thought i thought your honor if i and i apologize if i misheard i thought later that some of those charges were altered they were they were but you're telling me they don't prosecute but because they charge him with both transfer and and sale but not because they couldn't charge him with either um transfer or sale they could do either but not both so he was prosecuted he was convicted for three things instead of six things but he was convicted and i understand that it's your job to know these cases i don't i don't know they're not i your honor i i understand that i'm simply saying i don't have that case in front of me i'm not disputing your honor's read of the case the point that i was trying to make with regard to the arizona law what arizona law now will be is that it is legal to use small amounts as well i believe to cultivate small amounts of marijuana for personal recreational use the government would draw a distinction between that even though that question i think was getting to earlier the the licensing will enable a john smith of phoenix arizona to get licensed to a possess marijuana for sale and then to sell it but you're way way over your time and uh and you know as justice schumer said that's not the question the question is does that inform the question of the fact that it's now a licensing problem inform the crime of which you're not interested and and your honor to give a very brief answer to that it's the government's position that it is the sale of the marijuana not the possession not the use which the statute the new law in arizona obviously allows it is the sale element that is turpitudinous subject to the court's questions government would submit on our brief thank you very much uh mr nenas you have anything to add yes your honor uh as government pointed out uh the violation for sale uh and as judge uh tashima also uh noted uh it's my position would be just a licensing violation would not be a crime involving moral turpitude this is similar to somebody setting up a shop in the corner and starting to sell alcohol without a license and so it's the same issue that the government is raising in regards to uh judge calling's questions if there is a bia case i believe i have a matter of a braille semino that says that uh possessory offenses are not crimes involving moral turpitude and uh in regards to this was that simple possession or was that possession of small amounts for sale um uh that is unclear the citation that i have is of now is just uh possessory offenses are not crimes involving moral turpitude right but that makes it what what i understand from the gonzalez romo bia decision is that it's it's the trafficking elements that's the trigger for the turpitude this nature and my question is whether or not the bia had confronted the question of whether or not small trafficking in marijuana was different from trafficking generally well under the current state of the law in arizona uh certainly uh would appear that it would not be a crime involving moral turpitude since it's uh sold for recreational use and is now licensed sales all over the the the state so would not be a crime uh selling it and and supplying it would be part of the legalization process that it is in arizona only if you sell without a license then uh the person will have will have problems uh other than that is just an unlicensed sale and also uh the immigration judge and the bia consider this crime a crime involving moral turpitude by comparing it to a matter of corn i believe which had to do with a cocaine trafficking case uh not in this case that not with marijuana as it is in this case so i think the determination by the uh the bia was erroneous as well as it does not involve any uh cocaine or any uh hard drugs so and also judge berzon was correct saying that under two pounds it could mean also one ounce or two ounce which uh the arizona law passed uh come come july it will provide for automatic expungement for a certain amount i think it's less than two and a half ounces for all the crimes so i will advise my clients you to check with c and we have no education and it was really that little but she the crime that she was convicted of would allow her to be convicted in any event is there anything else yes your honor the court records that uh dhs has submitted do not specify the amount of marijuana only say under two pounds but does not have a specific amount uh that what was involved so this also goes into the government's burden to show that my client is convicted by by clear and convincing evidence that my client has been convicted of a crime moral turpitude based on the uh inability to show uh the amounts of uh marijuana involved okay thank you very much your time is up um we thank both of you for your arguments in walcott versus um wilkinson and he submitted and we are adjourned thank you very much thank you this court for this session stands adjourned
judges: Tashima, Berzon, Collins